# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISON

FRED SIMS and JESIAH SIMS,          )
                                    )
    Plaintiff,                   )
                                    )
v.                                  )
                                    )
                                    )
                                    )
                                    )          Case No. 1:25-CV-01269
                                    )
MADISON COUNTY, TENNSEESS, a        )
Tennessee municipality, CITY OF JACKSON, )
TENNESSEE, a Tennessee municipality, )
RANDY S. COYNE, in his official capacity )
as the Drug Task Force Commander for the )
26th Judicial District Drug Task Force, )
SPECIAL AGENT ZACHARY COBB,         )
SPECIAL AGENT JOSHUA KELLER,         )
SERGEANT CHRISTIAN BOXLEY,           )
SERGEANT BRYAN CHAMPINE,OFFICER      )
JHNOUS LONG, OFFICER FLOWERS, and    )
OFFICE FREED,                        )
                                    )
                                    )
    Defendants.                  )

## DEFENDANTS CITY OF JACKSON, TENNESSEE, CHRISTIAN BOXLEY, BRYAN CHAMPINE, OFFICER FLOWERS, AND OFFICER FREED'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants respond to Plaintiff's Complaint as follows:

### FIRST DEFENSE

1.    In response to ¶¶ 1, 33, 35, 37, 39, 40, 45, 56, 72, 75, 76, 77, 78, 80, 81, 83, 84, 85, 86, 88-97, 99, 101, 103, 106, 107, 109, 111-121, 134-142, and 149-151, Defendants deny the allegations.

2.    In response to ¶¶ 2, 3, 11-17, 43, 44, and 110, Defendants admit the allegations.

3.    In response to ¶¶ 4, 5, 7-10, 18, 19, 20, 22, 23, 24, 26-28, 30-32, 34, 36, 40, 46-48, 51-53, 55, 58-64, 66-71, 73, 79, 100, 102, 105, 118, 123-132, and 144-147, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

4.    In response to¶ 6, Defendants deny the City has policies, customs, procedures, or practices that caused violations of Plaintiffs' constitutional rights. Defendants admit the allegations in the second and third sentences. Defendants deny the rest of the allegations.

5.    In response to ¶21, Defendants admit police officers were watching all sides of the house to prevent an escape. Because the City does not have a full time SWAT unit, Defendants deny that a SWAT unit responded to the house.

6.    In response to ¶25, Defendants admit the allegations in the first sentence. Defendants deny the rest of the allegations.

7.    In response to ¶ 29, Defendants are without knowledge or information sufficient to form a belief as to the truth the allegations in the first sentence. In response to the allegations in the second sentence, Defendants admit officers were watching each side of the house to prevent escape. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations. Defendants adopt their response to ¶ 21 regarding a SWAT unit.

8.    In response to ¶ 38, Defendants admit Champine hit Plaintiff once in the back of the head. Defendants deny the rest of the allegations.

9.    In response to ¶ 41, Defendants admit that Fred Sims was ordered to come outside with his hands raised. Defendants deny the rest of the allegations.

10.    In response to ¶ 42, Defendants admit that Fred Sims did not comply with the instructions and stepped back into the house. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations regarding Mr. Sims's knowledge. Defendants deny the rest of the allegations.

11.    In response to ¶ 49, Defendants admit that an officer tased Jesiah Sims when he refused to comply with orders so they could handcuff him. Defendants are without knowledge or information to form a belief as to the truth of the rest of the allegations.

12.    In response to ¶ 50, Defendants admit officers saw marijuana in plain view. Defendants deny the rest of the allegations, and they adopt their response to ¶ 21 regarding a SWAT unit.

13.    In response to ¶ 54, Defendants admit that Agent Cobb sought a search warrant for the Simses' home. Defendants deny they illegally forced their way into the Simses' house. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations.

14.    In response to ¶ 57, Defendants admit the allegations in the first sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations.

15.    In response to ¶ 65, Defendants deny that they "illegally forced their way into the Sims residence." Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations.

16.    In response to ¶ 74, Defendants incorporate their responses to ¶¶ 1-73.

17.    In response to ¶ 84, Defendants deny the allegations in the first sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

18.    In response to ¶¶ 82, 104, and 117, Defendants admit the Court dismissed the charges, but lack knowledge or information sufficient to form a belief as to the rest of the allegations.

19.    In response to ¶ 87, Defendants incorporate their responses to ¶¶ 1-86

20.    In response to ¶ 98, Defendants incorporate their responses to ¶¶ 1-97.

21.    In response to ¶ 108, Defendants incorporate their responses to ¶¶ 1-107

22.    In response to ¶ 122,  Defendants incorporate their responses to ¶¶ 1-121.

23.    In response to ¶ 133, Defendants adopt their responses to ¶¶ 1-132.

24.    In response to ¶ 143, Defendants incorporate their responses ¶¶ 1-142.

25.    In response to ¶ 148, Defendants incorporate their responses to ¶¶1-147.

26.    In response to Plaintiffs' "Prayer for Relief" Defendants deny that Plaintiffs' are entitled to damages or any other form of relief from these Defendants.

## SECOND DEFENSE

The Defendants in their individual capacities rely on the defense of qualified immunity because they did not violate Plaintiffs' clearly established federal constitutional rights.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

BY: s/Dale Conder, Jr.
      DALE CONDER, JR. BPR #015419
      209 East Main Stret
      Jackson, TN  38302-1147
      (731) 423-2414

      *Attorney for Defendants City of Jackson
      Sergeant Christian Boxley, Sergeant Bryan
      Champine, Officer Flowers, and Officer Freed*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2026,  I filed this document using the Court's Electronic Filing System. The ECF system will provide copies of this document to the lawyers listed below. Any pro se parties or parties whose lawyers have not registered with the system will receive the document by U.S. Mail postage prepaid at the addresses below:

Bryce W. Ashby
Donati Law, PLLC
1545 Union Avenue
Memphis, TN 38104
(901) 278-1004
bryce@dontilaw.com

Michael Hill
Mary Beth Rast
Flippin, Collins & Hill, PLLC
P.O. Box 679
Milan, TN 38358-0679
mh_fch@bellsouth.net
br_fch@bellsouth.net

Brandon L. Flechas
Stroud, Flechas, & Dalton
5779 Getwell Road, Building C1
Southaven, MS 38672
(662) 371-6580
brandon@stroudlawyers.com

Pentecost, Glen & Tilly, PLLC
Nathan D. Tilly
Dylan E. Sutherland
162 Murray Guard Drive, Suite B
Jackson, TN 38305
Attorneys for Madison County, Tennessee

*Attorneys for Plaintiffs*

Randy S. Coyne
Zachary Cobb
Joshua Keller
c/o Jay Bush, attorney
160 West University Parkway, Suite A
Jackson, TN 38305
jbush@clayton-little.com

                                        s/Dale Conder, Jr.